IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:19CR111 ALM/KPJ |
| | § | |
| LESLIE WILLIAMS-OGLETREE | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 15, 2019, to determine whether Defendant violated her supervised release. Defendant was represented by Denise Benson. The Government was represented by Kevin McClendon.

On May 9, 2013, Defendant was sentenced by the Honorable Amy J. St. Eve, United States District Judge, to a sentence of fifty-one (51) months imprisonment followed by a two (2) year term of supervised release for violations of 18 U.S.C. § 286, Conspiracy to Defraud the United States Government, and 18 U.S.C. § 287, False, Fictitious or Fraudulent Claims.

On May 15, 2019, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 2). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (2) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment; (3) Defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

(4) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule; (5) Defendant shall pay any financial penalty that is imposed by this judgment that remains unpaid at the commencement of the term of supervised release, the monthly payment schedule being an amount that is at least ten percent of her net monthly income; and (6) Defendant shall provide the probation officer with access to any requested financial information.

The Petition asserts that Defendant violated these conditions because: (1) on December 19, 2018, Defendant was instructed by the probation officer and Supervising U.S. Probation Officer Jesus Perez to immediately repay Tiffany Taber $32,500, and, to date, Defendant has failed to repay Ms. Taber the $32,500; was instructed to submit verification the next day of peer-to-peer investments that she reported the $32,500 was used for, but failed to submit the documentation as instructed; on February 6, 2019, Defendant was again instructed to submit documentation of the peer-to-peer investments, and submitted them to the U.S. Probation Office on February 27, 2019, but missed the February 13, 2019, due date as instructed; (2) on July 27, 2017, Defendant changed employment and began working at Supercuts, McKiney, TX, notifying the probation office of the change of employment on August 4, 2017, thus failing to notify the probation office ten days prior to change in employment; on June 5, 2018, Defendant entered into a beauty shop and residential construction business partnership agreement with Tiffany Taber under the name T Squared Investments, LLC, but failed to notify the probation office of this employment; on September 9, 2018, Defendant opened Salon July, a hair stylist salon in Dallas, TX, but failed to notify the probation office of this employment; on July 4, 2018, Defendant entered into a peer-to- peer investment contract in the amount of $29,000, and a second peer-to-peer investment contract in the

amount of $5,000 on August 1, 2018, loaning money to individuals which would repay her at a later date with interest;[1] (3) Defendant associated with Tiffany Taber, a convicted felon, without permission of the U.S. Probation Office, reporting on December 19, 2018, to the probation officer and Supervising U.S. Probation Officer Jesus Perez that she became aware Ms. Taber was a convicted felon in August 2018, but did not seek permission to associate with Ms. Taber nor report this association on her monthly supervision reports from August through November 2018; (4) on June 21, 2017, Defendant obtained an auto loan without the permission of the probation officer; (5) Defendant submitted late monthly payments for the months of December 2017, January 2018, and May 2018; and (6) Defendant failed to provide true and correct financial information on her monthly supervision reports for the months of June 2018 (failed to report $32,500 income given to her by Ms. Taber), August 2018 (failed to report ownership of a 2004 Toyota Avalon), and September, October, and November 2018 (failed to report accurate income earned from her hair salon).

At the hearing, Defendant entered a plea of true to violation of allegation (1), that Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer. Defendant waived her right to allocute before the district judge and her right to object to the report and recommendation of this Court. The Court finds that Defendant has violated the terms of her supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 15, 2019, hearing, the Court recommends that Defendant be committed to the

---

[1] The petition does not explicitly assert that Defendant failed to notify the probation officer regarding the peer-to-peer investment contract.

custody of the Bureau of Prisons to be imprisoned for a term of thirty (30) days, with sixty (60) days home confinement to follow, and with one (1) year of supervised release to follow.

The Court further recommends that Defendant shall serve her sentence at the Federal Prison Camp Bryan, if appropriate.

**SIGNED this 18th day of July, 2019.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE